**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4163**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BENITO HERNANDEZ HERNANDEZ,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00023-MR-1)

─────────────

Submitted:  October 31, 2011          Decided:  November 30, 2011

─────────────

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Angela Parrott, Acting Executive Director, Matthew Segal, Assistant Federal Defender, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benito Hernandez Hernandez pled guilty to illegally reentering the United States, after being deported in violation of 8 U.S.C. § 1326(a) (2006), and was sentenced to 120 months of imprisonment. On appeal Hernandez raises three issues, whether: (1) his sentence was unreasonable; (2) the district court plainly erred by failing to comply with 18 U.S.C.A. § 3006A (West Supp. 2011); and (3) his sentence exceeded the maximum sentence authorized by the indictment and his guilty plea under § 1326(a), in violation of the Fifth and Sixth Amendments. For the reasons that follow, we affirm.

We review a sentence imposed by a district court for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578–79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2006)] for a sentence different than the one ultimately imposed"). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to

2

adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51.

We hold that the district court reasonably based its upward variance from an advisory Sentencing Guidelines range of 51-63 months on a variety of § 3553(a) factors and adequately explained its decision to do so. The district court was faced with a recalcitrant defendant who had been deported five times in a two-year period and despite his young age had attained the highest criminal history category.

Because Hernandez failed to object to the district court's ruling that he reimburse the Government for his appointed counsel, under 18 U.S.C.A. § 3006A, we only review that matter for plain error. Although the district court failed to make the financial findings necessary to order reimbursement, Hernandez has not met the demanding burden of showing that decision was plain error. See United States v. Olano, 507 U.S. 725, 732-35 (1993) (providing test for plain error; noting that appellants bear the burden of proof with respect to prejudice of their rights).

Hernandez concedes that his last argument is barred by the Supreme Court's opinion in Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998). Accordingly, we affirm Hernandez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED